# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SYLVESTER ELLIOTT[1], JR., #322733,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 21-0154-KD-MU

EARNEST EVANS, *et al.*,   :

    Defendants.   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, paid the $350 filing fee and was granted leave to proceed *in forma pauperis* with respect to other fees associated with filing his complaint under 42 U.S.C. § 1983. (Doc. 3, PageID.18). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) because the claims are either frivolous or fail to state a claim upon which relief can be granted.

### I. Proceedings.

---

[1] The Alabama Department of Corrections' website reflects that Plaintiff's last name is spelled "Elliot," www.state.al.us/inmateinfo (last visited 10/19/2012), which is the spelling on the arrest report. (Doc. 1-1 at 3, PageID.8). Nonetheless, the Court will spell Plaintiff's last name Elliott as reflected on the amended complaint and docket. (Doc. 15 at 1, PageID.24).

Plaintiff Elliott filed his initial complaint in the Middle District of Alabama, where the court dismissed Defendants Glenn Halbrooks and Andrew James with the Alabama News Network from this action because they were not state actors. (Doc. 4 at 4-5, 7, PageID.23-25; Doc. 6 at 2, PageID.31). The remaining Defendant was Earnest Evans, Sheriff of Wilcox County, Alabama, in the Southern District of Alabama. (Doc. 1 at 2, PageID.2). Thus, after dismissal of Defendants Halbrooks and James, the action was transferred to this Court. (Doc. 6 at 2, PageID.31).

In the initial complaint, Elliott alleged that Defendants Halbrooks, James, and Evans posted his arrest report on the internet, and the report contained his name, date of birth, Social Security number, and witnesses' names. (Docs. 1-2, 1-3, PageID.10-14). As a result of this posting on September 19, 2019, Elliott claims that he was located at his assigned facility by friends and relatives of the victims and witnesses, who assaulted him on December 2, 2020, breaking his jaw in two places, which caused his mouth to be wired closed. (Doc. 1 at 2, PageID.2; Doc. 1-3 at 1, PageID.13). Elliott asserts that because he did not give permission to post the information, HIPAA and the Constitution were violated by Defendants' callous indifference. (*Id.* at 2, PageID.14). Elliott requested Defendants to remove the arrest report and any private information from the internet. (Doc. 1-2 at 1-3; PageID.10-12).

Attached to the complaint is a copy of the first page of news article from the internet, dated September 19, 2019, titled "Greenville Man Convicted of Murder in Wilcox County" with Elliott's picture, and of Elliott's arrest report reflecting a partial Social Security number, a partial date of birth, and the witnesses' names with partial addresses. (Doc. 1-1 at 1-2, PageID.6-7; Doc. 1-1 at 3-4, PageID.8-9). For relief, Elliott

wants compensatory and punitive damages and Defendants to be found guilty of publication of his personal information. (Doc. 1 at 4, PageID.4).

Upon receipt of this action, the Court found the claim against Defendant Evans to be deficient in that it did not state a claim, because it did not specify what Defendant Evans did to violate Elliott's constitutional or federal rights, and the complaint was not on the Court's complaint form. (Doc. 9 at 1-2, PageID.5-6). Elliott was ordered to file his claims against Defendant Evans on this Court's § 1983 complaint form and to correct the noted deficiencies, as the amended complaint would replace his original complaint. (*Id.*). Elliott was advised of the requirement that he show how Defendant Evans violated his constitutional or federal rights, of the law for pleading a claim against a supervisor, of the inapplicability of HIPPA (Health Insurance Portability and Accountability Act) to his claims, of his personal information in the attached arrest report being only partial information, and of the non-existence of a federal cause of action for defamation and the publication of an arrest record and, therefore, by extension, the publicizing of a conviction. (*Id.* at 9 at 4-5, PageID.8-9). Instead of dismissing the claim against Defendant Evans, Elliott was provided the opportunity to file an amended complaint that corrected the foregoing deficiencies and satisfied Rule 8(a)'s requirements, which were explained to him. (*Id.* at 5-7, PageID.9-11). Elliott was warned that his amended complaint would be screened and would be subject to dismissal if it failed to comply with the Court's order. (*Id.* at 7, PageID.11).

In the amended complaint, Elliott adds another Defendant, Michael Jackson, District Attorney in Selma, Alabama. (Doc. 15 at 5, PageID.28). For his amended complaint, Elliott only partially completed the complaint form, and the information

conveyed on the form is brief. (*Id.* at 5, PageID.28). The claims against Defendant Evans and Defendant Jackson are virtually the same:

> Violation to my Constitutional Rights which exposed my full Social Security number as public information on Alabama News Network website [and] violation of Hip[a]a and Privacy Act. A full copy of[] the Alabama News Network website showing proof that my full Social Security number was exposed posted on 9/19/19 2:11 p[.]m[.] After notified there was a[n] update 12/15/20 at 12:44 p[.]m[.]

(Doc. 15 at 5, PageID.28). Unlike the initial complaint, the amended complaint has no attachments, particularly one that would show a document with his full, not partial, social security number. For relief, Elliott requests an order to "fix all damages if any . . . occurred[;] give full penalties for violations[;] and get maximum earnings[.] (*Id.* at 7, PageID.30)

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915A(b)(1)[2], a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

---

[2] Section 1915A requires a court to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). During screening, § 1915A directs the court to "dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1-2). Section 1915A does not distinguish between a prisoner who pays the filing fee or one who proceeds *in forma pauperis*. *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir.), *cert. denied*, 552 U.S. 994 (2007); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.), *cert. denied*, 527 U.S. 1041 (1999).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant

law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.  Analysis.

### A. Lack of Causal Connection.

In Elliot's allegations against each Defendant, Elliott offers no explanation showing how each Defendant publicized his social security number.  His allegations are missing a nexus, that is, a causal connection, between a Defendant's act and a violation of a right arising under federal law.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a § 1983 claim); *see Troupe v. Sarasota Cty., Fla.,* 419 F.3d 1160, 1165 (11th Cir.) (a defendant must be the proximate cause of a plaintiff's injuries; there must be no intervening, independent cause for the injuries that breaks the chain of causation)*, cert. denied,* 547 U.S. 1112 (2006)*.*  Moreover, Elliott was warned about a lack of a causal connection regarding Defendant Evans in the Court's prior order.  (Doc. 9 at 4, PageID.8).  Due to this lack of causal connection, Elliott has failed to state a § 1983 claim against Defendants Evans and Jackson.  Nevertheless, the Court will address his claims for violations of constitutional and federal law.

### B.  Claim for HIPAA Violation.

Elliott identifies his claim as arising under HIPAA, the Privacy Act, and the Constitution.  The Court will address each of these bases for his claim in turn.

Previously, the Court advised Elliott that HIPAA is not applicable to this action as health care information is not at issue.  *OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for*

6

*Health Care Admin.*, 713 F.3d 1291, 1293 (11th Cir. 2013) ("[T]he full purposes and objectives of HIPAA [are] in keeping an individual's protected health information strictly confidential."). (Doc. 9 at 5, PageID.9). But more pertinent, the law holds that "no private right of action exists under HIPAA." *Laster v. CareConnect Health Inc.,* 852 F. App'x 476, 478 (11th Cir. 2021) ("every circuit to have considered the issue has also held that no private right of action exists under HIPAA"). "[N]othing in the language of that statute suggests that Congress intended to create a private right of action for violations of the confidentiality provision." *Id.* (citation and internal quotation marks omitted). Consequently, Elliott's attempt to bring a private right of action for a violation of HIPAA is frivolous because it lacks a basis in law.

### C. Claim for Privacy Act Violation.

Elliott also claims that his rights under the Privacy Act were violated by Defendants Evans and Jackson. Elliott does not indicate which provision of the Privacy Act applies to his claims. However, the Eleventh Circuit in *Schwier v. Cox,* 340 F.3d 1284 (11th Cir. 2003), ruled that "[t]he Privacy Act of 1974 contains only two substantive sections, section 3 and section 7." *Id.* at 1287. Section 3, codified as 5 U.S.C. § 552a, was determined "to appl[y] *only* to federal agencies[.]"[3] *Id.*(emphasis in original). And

---

[3] Section 3 provides, among other things:

> (g)(1) Civil Remedies.—Whenever any agency
>     (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to mak[e] such review in conformity with that subsection;
>     (B) refuses to comply with an individual request under subsection (d)(1) of this section;
>     (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any

7

"Section 7 of the Privacy Act bars federal, state, or local *agencies* from denying 'any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number' to the agency."[4]  *Id.* at 1288

> determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
>
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

Section 3's remedial language states that it only applies to Section 3. *Schwier*, 340 F.3d at 1292. On the other hand, Section 7 contains no remedial language. *Id.* Therefore, "the rights conferred by section 7 may be enforced under § 1983." *Id.*

[4] Section 7, in its entirety, provides:

> (a)(1) it shall be unlawful for any federal, state or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
>
> (2) the provisions of paragraph (1) of this subsection shall not apply with respect to—
>
>> (a) any disclosure which is required by Federal statute, or
>> (b) the disclosure of a social security number to any federal, state, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
>
> (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

*Schwier,* 340 F.3d at 1288 n.3 (quoting 88 Stat. at 2194).

(emphasis added). Thus, sections 3 and 7 provide no relief to Elliott because an agency is not a defendant to this action. Furthermore, relief is not available under section 3 in federal court because section 3 has its own remedial scheme. *Id.* at 1292. And even though a claim for violation of section 7 may be brought in federal court, *id.*, Elliott's facts prevent him from stating a claim, i.e., he was not deprived of a right, benefit, or privilege because he refused to disclose his social security number. *Accord Hollis v. W. Academ. Charter, Inc.,* 782 F. App'x 951, 958 (11th Cir. 2019). Rather, Elliott is complaining about the disclosure of his full social security number by others. Thus, section 7 of the Privacy Act provides no relief for Elliott. Accordingly, Elliott's Privacy Act claims are due to be dismissed as frivolous because they lack a basis in law. *See Williams v. ALFA Ins. Agency*, 349 F. App'x 375, 376 (11th Cir. 2009) (finding that the claim under the Privacy Act was "wholly insubstantial" because the defendant was a private corporation and not a government agency).

### D. Claim for Violation of the Constitution.

The last basis that Elliott advances for his claim is a violation of the Constitution. Elliott did not identify under which amendment of the Constitution he contends that his rights were violated. Affording a liberal construction to his allegations, the Court concludes the Fourteenth Amendment is the only amendment that could possibly be violated considering his facts.

The Fourteenth Amendment's Due Process Clause provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. XIV § 1. The two types of claims arising from the Due Process Clause

are a procedural due process claim and a substantive due process claim. To proceed on a procedural due process claim, Elliott must demonstrate that he has been deprived of his life, liberty, or property. Elliott must show that he has such an interest in his social security number and that he has been deprived of his social security number without due process. Elliott cannot make his showing because he did not allege that he was deprived of his social security number. Apparently, he still possesses his social security number because he is bringing this action claiming that it was not protected because it was disseminated on the internet. *Cf. Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (requiring that prior to the termination of social security disability *benefits* the recipient is to be afforded an opportunity for a hearing). In the absence of a deprivation, a procedural due process claim is frivolous as it is without legal merit.

Turning to substantive due process, the Supreme Court has held that "there is no 'right of privacy' found in any specific guarantee of the Constitution, [but it] has recognized that 'zones of privacy' may be created by more specific constitutional guarantees and thereby impose limits upon government power," such as the suppression of evidence from an unreasonable search. *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976). However, other right-of-privacy cases exist that defy categorical description; these rights guaranteeing personal privacy are restricted to rights that are "fundamental" or "implicit in the concept of ordered liberty." *Id.* at 713, 96 S.Ct. at 1166. They are limited to "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Id.* The categories where a right to privacy has been recognized as being protected by

substantive due process are far afield from Elliott's claim for the publication of his social security number.  See Id. at 696, 713, 96 S.Ct. at 1158, 1166 (holding the plaintiff's claim that the State publicized his arrest for shoplifting even though subsequently he was not convicted of the charge did not violate substantive due process); *Davies v. Sheriff of Orange Cnty., Fla.*, 2015 WL 12839779, at *4 (M.D. Fla. 2015) (finding that the county's "policy of publishing arrest records [did] not violate the Fourteenth Amendment, because there is no constitutionally protected privacy interest in the confidentiality of an arrest"); *Underwood v. Cullman Cnty. Sheriff's Office,* 2014 WL 7369413, at *5 (N.D. Ala. 2014) (finding that the plaintiff's claim that he must register as a sex offender violates his privacy and exposes him to physical assault does not violate substantive due process as the fact of his conviction is already a matter of public record); see also *Doe v. Moore*, 410 F.3d 1337, 1343 (11th Cir. 2005) (observing that the Supreme Court "is very reluctant to expand substantive due process by recognizing new fundamental rights" when it held that Florida's Sex Offender Act did not violate substantive due process), *cert. denied,* 546 U.S. 1003 (2005).  Accordingly, Elliott's substantive due process claim lacks legal merit and is frivolous.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) because the claims are frivolous or fail to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

11

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 25th day of October, 2021.

                                                    **s/ P. BRADLEY MURRAY**
                                                  **UNITED STATES MAGISTRATE JUDGE**